## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| QING FU LIU,<br><br>      **Petitioner,**<br><br>    v.<br><br>PAMELA BONDI, *et al.,*<br><br>      **Respondents.** | **Case No. 26–cv–03329–ESK**<br><br><br>**OPINION** |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on petitioner Qing Fu Liu's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1) and motion for a temporary restraining order (Motion) (ECF No. 2.) Respondents oppose the Petition and Motion.  (ECF No. 9.)  For the following reasons, I will grant the Petition and dismiss the Motion as moot.

### I.    BACKGROUND

Petitioner is a citizen of the Peoples Republic of China.  (ECF No. 1 ¶ 1.) He entered the United States without admission or parole on or about August 31, 2004.  (ECF No. 10 p. 20.)  He and his wife applied for asylum and withholding of removal on November 4, 2009.  (ECF No. 1 ¶ 5.)  On August 31, 2011, an immigration judge ordered petitioner's removal.  (ECF No. 9–4 p. 6.) The Board of Immigration Appeals (BIA) dismissed his appeal on March 18, 2013.  (*Id.* p. 5.)

On April 17, 2013, petitioner filed a petition for review with the Court of Appeals for the Second Circuit.  (ECF No. 10 p. 10); *see also Liu v. Holder*, Appeal No. 13–1406 (2d Cir. Filed Apr. 17, 2013).  On June 28, 2013, the court dismissed the appeal and remanded the proceedings back to the BIA pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994) (allowing court of appeals

to seek supplementation of record while retaining jurisdiction).   (ECF No. 10 p. 10)

Immigration and Customs Enforcement (ICE) detained petitioner on March 17, 2026.   (ECF No. 1 ¶ 55.)   He is presently being detained at Delaney Hall Detention Facility and has not received a bond hearing.   (*Id.* ¶ 56.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Petitioner was detained within the District of New Jersey when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, the Petition is appropriately filed in this District.   *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

## III.   DISCUSSION

Petitioner argues that he is being detained without access to a bond hearing in violation of 8 U.S.C. § 1226(a).   (ECF No. 1 ¶¶ 59, 60, 61, 62.)   He argues his detention also violations his due process rights and the Administrative Procedure Act.   (*Id.* ¶¶ 63, 64, 68, 69.)   Respondents assert that petitioner has a final order of removal and is properly detained pursuant to 8 U.S.C. § 1231(a).   (ECF No. 9 p. 2.)

Section 1231(a) "provides for detention only 'during' and 'beyond' the 'removal period.'"   *Jackson v. Att'y Gen. United States of Am.*, 663 F. App'x 245, 246 (3d Cir. 2016) (quoting 8 U.S.C. §§ 1231(a)(2), (a)(6)).   "The removal period begins on the latest of the following: (i) The date the order of removal becomes

administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."  8 U.S.C. § 1231(a)(1)(B).

Petitioner's removal order became administratively final on March 18, 2013 when the BIA dismissed his appeal.  (ECF No. 9–4 p. 2.)  According to the Second Circuit's order, "[i]f the Government decides to resume efforts to remove [petitioner], the Government must notify the Court and [petitioner] at least 21 days prior to removal."  (ECF No. 10 p. 10.)  There is no indication that this notification has occurred, nor does the order indicate that the Second Circuit stayed petitioner's removal.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii) (resetting the beginning of the removal period "*if* the removal order is judicially reviewed *and if* a court orders a stay of the removal" (emphasis added)).  There are no ongoing judicial proceedings because the Second Circuit dismissed the petition for review and does not appear to have reopened its proceedings.  Unless and until the Second Circuit reopens petitioner's petition for review and stays his removal, petitioner's detention is governed by § 1231 with the date of administrative finality as the beginning of § 1231's removal period.

Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen ]from the United States within a period of 90 days … ."  8 U.S.C. § 1231(a)(1)(A).  This 90-day detention is mandatory.  *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most aliens may be released on bond or paroled.  After entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody." (internal citation omitted)).  The removal period—during which petitioner's detention was mandatory—expired on June 16, 2013.

ICE is not required to release the noncitizen once the removal period has expired, however, but "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701).   The presumptively permissible timeframe for post-removal-period detention is six months.   However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time."  *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

I conclude that petitioner has rebutted the presumption that his detention pending removal is reasonable.   The order of removal became final almost a decade ago, and there do not appear to have been any attempts to remove petitioner since that time.   There is no evidence that respondents have informed the Second Circuit that they intend to remove petitioner, which the Second Circuit set as a precondition of petitioner's removal.   (ECF No. 10 p.10.)   Furthermore, removal proceedings "may take many months to resolve given the influx of immigration habeas cases filed … throughout the country,

delaying [p]etitioner's removal." *Delcid-Santos v. Soto*, No. 26–cv–1382, 2026 WL 636814, at *2 (D.N.J. Mar. 6, 2026).

Section 1231 permits a noncitizen to be released "subject to conditions of supervised release." 8 U.S.C. § 1231(a)(3)). I find that the duration of time since the entry of the removal order, respondents' failure to support their compliance with the Second Circuit's order, and the likely delays in petitioner's removal proceedings warrant release on appropriate conditions of supervised release.

## IV.  CONCLUSION

For the reasons stated above, the Petition is granted. The Motion is dismissed as moot. An appropriate Order accompanies this Opinion.

 */s/ Edward S. Kiel*
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: April 15, 2026